# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN FULLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 16-00363-KD-M |
| | ) | |
| WINN-DIXIE MONTGOMERY, LLC, | ) | |
|     Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion to remand (Doc. 73) and motion to file a second amended complaint (Doc. 72); Defendant's Response (Doc. 77); Plaintiff's motion for an extension to file a Reply (Doc. 79) and the Reply (Doc. 80), Defendant's Supplement (Doc. 81), and Plaintiff's motion to strike the Supplement (Doc. 84); Plaintiff's motion to rule on the remand motion before the other motions (Doc. 78); and the May 31, 2017 hearing.[1]

**I.     Background**

This case stems from Plaintiff Kathryn F. Fuller (Fuller)'s June 11, 2014 shopping trip to a Winn Dixie grocery store in Mobile, Alabama. Fuller selected her groceries, checked out and exited the store. As she was leaving, one of the grocery bags she was carrying allegedly failed, and a glass spaghetti sauce jar shattered, severely slicing her left foot. Fuller had to undergo surgery, and alleges she experiences continued problems and permanent limitations.

On June 7, 2016 Fuller initiated this action in the Circuit Court of Mobile County, Alabama (CV 16-901162). (Doc. 1-1). Fuller alleged negligence/wantonness, premises liability and negligent, reckless and wanton hiring/supervision/training.[2] (Doc. 1-1). On July 11, 2016, defendants removed the case on the basis of federal subject matter diversity jurisdiction, setting out the diversity of citizenship among the parties but acknowledging that Fuller's damages were indeterminate. (Doc.

---

[1] It is **ORDERED** that Docs. 72, 79 and 84 are **MOOT**.
[2] On September 1, 2016, Fuller added breach of warranty and AEMLD claims. (Doc. 21).

1). Nevertheless, Defendants asserted that based on Fuller's allegations, injuries and damages, the jurisdictional threshold was satisfied. This Court conducted a *sua sponte* screening of the removal, after which it concluded that "it is more likely than not that the amount in controversy in this case exceeded the $75,000 minimum at the time the Notice…was filed." (Doc. 12 at 3). In March 2017, WD moved for summary judgment. (Doc. 59). On May 10, 2017, Fuller moved for leave to file a second amended complaint and to remand. (Docs. 72-73).

## II. Discussion

As set forth in Poore v. American–Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-1291 (11th Cir. 2000) (footnotes and citations omitted), *overruled in part on other grounds by* Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007):[3]

> …every Circuit that has addressed this issue has held that the proper inquiry is still whether the court had jurisdiction at the time of removal.[ ] For example, the Sixth Circuit has held that "the timing question is dispositive because, despite the change in the wording of § 1447(c) ... courts still read that section as authorizing remand when a district court determines that jurisdiction had been lacking at the time of removal, rather than later...."….We join our sister Circuits and conclude the amendments to § 1447(c) did not alter the fact that, in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal. [ ] That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction….

Additionally, per Davison v. Lefever, 2013 WL 4012654, *2 (S.D. Ala. Aug. 5, 2013): "In determining its subject-matter jurisdiction, this Court is not concerned with the plaintiffs' present or future intentions; the critical point in time is, instead, when the case was removed." Thus, post-removal developments *may* be considered and weighed *if* and *when* they shed light on the amount in controversy *at the time of removal*. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 772–773 (11th Cir. 2010); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Specifically, post-removal changes in or alterations to the amount in controversy are prohibited (Land Clearing Co., LLC v. Navistar, Inc., 2012 WL 206171, *3 (S.D. Ala. Jan. 24, 2012)), but "post-removal

---

[3] The issue of whether the Eleventh Circuit can review a remand order was later overruled, but not Poore's holding that the court must look to the facts at the time of removal and not subsequent amendments or alterations).

*clarifications* of the amount…in controversy *at the moment of removal*[]" are not (Jackson v. Select Portfolio Servicing, Inc., 651 F.Supp.2d 1279, 1282 (S.D. Ala. 2009) (emphasis added)).[4]

To properly assess the amount in controversy, we must begin with the amount Fuller alleged as damages in her state court complaint at the moment of removal:

> WHEREFORE, PREMISES CONSIDERED, Fuller demands judgment…for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Fuller requests that the jury…. award punitive damages reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

(Doc. 1-1 at 4-6; Doc. 1-2 (amended state court complaint) at 4-7)). Based on this prayer with no damages amount, WD removed this action on diversity grounds, asserting that while Fuller's damages are indeterminate, "a fair reading of the Complaint reveals Fuller is seeking in excess of $75,000[.]" (Doc. 1 at 3). Screening WD's removal, this Court ordered supplemental briefing on the amount in controversy, as it "harbored doubts about whether the $75,000 amount-in-controversy is satisfied." (Doc. 5; Doc. 12 at 2). In response, Fuller stated that "her position at this time in this litigation is that her claims exceed the value or sum of $75,000 and that the amount in controversy requirement…has been met." (Doc. 7 at 6). Fuller stressed that her position is rooted in the severity of her injuries. (Doc. 7). From this, the Court ruled that Fuller's response was a *clarification* (versus an alteration) of the jurisdictional facts relating to the amount in controversy. (Doc. 12 at 3). The Court found the "jurisdictional concerns…dispelled," and ruled "it is more likely than not that the amount in controversy…exceeded the $75,000 minimum at the time…removal was filed." (Id.)

Almost 10 months later, on May 10, 2017, Fuller moves for leave to amend her complaint to change her damages to $54,999.99 (Doc. 72-1):

> WHEREFORE, PREMISES CONSIDERED, Fuller demands judgment….The total recovery sought by Fuller for full satisfaction of all claims shall not exceed the sum of $54,999.99.

---

[4] See e.g., Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (the appropriate time to determine the amount in controversy is, then, the moment of removal).

Fuller also moves to remand asserting that while at the time of removal she was seeking more than $75,000, she "is now not seeking nor will she accept a sum greater than $75,000 for full satisfaction of all her claims against all Defendants." (Doc. 73 at 2). In support, Fuller: 1) submits an Affidavit stating she will neither seek nor accept over $75,000 for all claims (Doc. 73-1 at 1 (Aff. Fuller)); and 2) explains she recently settled with former defendant Advanced Polybag, Inc. for $20,000 such that this Court has now "lost jurisdiction (i.e., as she received $20,000, she only seeks the remainder of the jurisdictional requisite (no more than $54,999.99) from WD).

Fuller has already *clarified* to this Court that the amount of damages she seeks exceeds the jurisdictional minimum of $75,000. See *supra*. Fuller admits such in her motion to remand: "at that time [at the time of removal] Fuller was seeking more than $75,000[]" (Doc. 83 at 1 at ¶5 and 2 at ¶8). Fuller's most recent representation – that the total recovery "shall not exceed the sum of $54,999.99[]" is contradictory to that clarification. Fuller's new amount in controversy allegations – at this juncture – it is a post-removal attempt to *alter* or *change* her damages. Something Fuller concedes as she moves to amend the complaint "to alter her pray[er] for relief from this court[]" (Doc. 72 at 1). In sum, Fuller's post-removal representations (including Affidavit) do not "shed light on the amount in controversy *at the time of removal*" but instead, shed light on what has transpired post-removal – "later" (Pretka, 608 F.3d at 751) -- while litigating this case….which is irrelevant for assessing the amount in controversy *at the time of removal*. Upon consideration, under the specific circumstances of this case, Fuller's motion to remand (Doc. 73) is **DENIED**. As a result, Fuller's motion to amend the complaint (Doc. 72) is **MOOT**.

**DONE** and **ORDERED** this the **2nd** day of **June 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**